UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TOBIN E. FUSS, *et al.*, | Case No. 3:19-cv-00282-MMD-CBC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| SELENE FINANCE LP, *et al.* | |
| Defendants. | |

Defendant Selene Finance LP ("Selene") removed this case from Nevada state court on the basis of diversity jurisdiction. (ECF No. 1.) District courts have original jurisdiction over civil actions where the matter is between citizens of different states, and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "A federal court must look to the citizenship of a [limited] partnership's limited, as well as its general, partners to determine whether there is complete diversity." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990). Although corporations are citizens of any state in which they are incorporated or have their principal place of business, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]s with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citation and internal quotes omitted).

///

Selene asserts that complete diversity exists because Plaintiffs allege in their Complaint that they are residents of Nevada. (ECF No. 1 at 2.) But Selene has failed to trace the citizenship of its constituent unincorporated associations down to the individual or incorporated members. Selene alleges that it is a Delaware limited partnership comprising two Delaware LLCs, Selene Ventures GP LLC and Selene Ventures LLC. (*Id.*) These two LLCs each have one sole member: a Delaware LLC known as Selene Holdings LLC. (*Id.*) Selene Holdings LLC has four members: Delaware LLCs Selene Investments LLC, Hyperion Residential Mortgage Services LLC, Witmer Selene Investors LLC, and OCM SLNE Holdings LLC. (*Id.*) Selene has yet to identify any members of these four LLCs or their state citizenships. As "the party asserting diversity jurisdiction[, Selene] bears the burden of proof," which it has not met. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Thus, Selene's petition for removal is incomplete (ECF No. 1) and does not satisfy the diversity of citizenship requirement under 28 U.S.C. § 1332(a).

It is therefore ordered that Selene must supplement its petition for removal (ECF No. 1) with a document that identifies the state citizenships of each member of Selene Investments LLC, Hyperion Residential Mortgage Services LLC, Witmer Selene Investors LLC, and OCM SLNE Holdings LLC. To the extent these members are also LLCs, Selene must continue to reveal the citizenship of their constituents for the Court to determine whether diversity exists to support diversity jurisdiction. Selene must file the supplement within 10 days of the date of this Order. Plaintiff will have 7 days to file a response.

DATED THIS 1st day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2