UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TOBIN E. FUSS, *et al.*, | Case No. 3:19-cv-00282-MMD-CBC |
| Plaintiffs, | ORDER |
| v. | |
| SELENE FINANCE LP, *et al.* | |
| Defendants. | |

Defendant Selene Finance LP ("Selene") removed this case from Nevada state court on the basis of diversity jurisdiction. (ECF No. 1.) The Court finds that "Selene's petition for removal is incomplete . . . and does not satisfy the diversity of citizenship requirement under 28 U.S.C. § 1332(a)." (ECF No. 20.) Accordingly, the Court ordered Selene to supplement its petition by October 11, 2019 ("Order") (*id.*), but to date Selene has not filed any supplement. For the reasons below, the Court will remand the case.

District courts have original jurisdiction over civil actions where the matter is between citizens of different states, and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).

To determine whether there is complete diversity, "[a] federal court must look to the citizenship of a [limited] partnership's limited, as well as its general, partners." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990). Similarly, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*,

437 F.3d 894, 899 (9th Cir. 2006). "[A]s with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citation and internal quotes omitted).

As "the party asserting diversity jurisdiction[, Selene] bears the burden of proof," which it has not met. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Selene asserts that complete diversity exists because Plaintiffs allege in their Complaint that they are residents of Nevada. (ECF No. 1 at 2.) But Selene has failed to trace the citizenship of its constituent unincorporated associations down to the individual or incorporated members. (ECF No. 20 at 2.) Selene alleges that it is a Delaware limited partnership comprising two Delaware LLCs, Selene Ventures GP LLC and Selene Ventures LLC. (ECF No. 1 at 2.) These two LLCs each have one sole member: a Delaware LLC known as Selene Holdings LLC. (*Id.*) Selene Holdings LLC has four members: Delaware LLCs Selene Investments LLC, Hyperion Residential Mortgage Services LLC, Witmer Selene Investors LLC, and OCM SLNE Holdings LLC. (*Id.*) Selene has not identified any members of these four LLCs or their state citizenships. (ECF No. 20 at 2.) The Court directed Selene to do so in a supplement to the petition for removal (*id.*), but Selene has failed to timely file its supplement. As such, it remains unclear whether the Court has subject matter jurisdiction in this case. *See Gaus*, 980 F.2d 564, 566. The Court therefore must remand the case.

It is therefore ordered that this action is remanded.

It is further ordered that Plaintiffs' motion to remand is denied as moot. (ECF No. 6.)

The Clerk is instructed to close this case.

DATED THIS 21st day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE